# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **BILL UNDERWOOD AND** | § | **CIVIL CASE NO.** _____ |
| **GINGER UNDERWOOD** | § | |
| *PLAINTIFFS* | § | |
| | § | |
| V. | § | **HONORABLE JUDGE**_____ |
| | § | |
| **FIDELITY NATIONAL** | § | |
| **PROPERTY AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| *DEFENDANT* | § | **MAGISTRATE JUDGE** _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

MAY IT PLEASE THE COURT:

Through the undersigned attorney come BILL UNDERWOOD and GINGER UNDERWOOD who, for the following reasons, bring the instant complaint against FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY and state as follows:

1

## NATURE OF THE ACTION

1.     This is a civil complaint by Bill Underwood and Ginger Underwood (hereinafter referred to as "Plaintiffs") against their insurer, Fidelity National Property and Casualty Insurance Company (hereinafter referred to as "FIDELITY") to enforce their rights under a flood insurance policy issued by FIDELITY.

2.     On September 13, 2008, Hurricane Ike caused flood damage and loss to Plaintiffs' residential dwelling in Hitchcock, Texas. Plaintiffs have submitted a claim under their policy issued by FIDELITY but FIDELITY has refused to fully pay Plaintiffs' claim.

## THE PARTIES

3.     Plaintiffs are a married couple and Texas citizens residing at 7010 Delesandri Drive, Hitchcock, Texas 77563.

4.     FIDELITY is an insurance company incorporated under the laws of the State of New York with its principal place of business at 601 Riverside Avenue, Building 5, Jacksonville, Florida 32204. FIDELITY is engaged in the practice of insurance in the State of Texas. FIDELITY may be served with process by certified mail, return receipt requested through its agent for service in Texas, C T

2

Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. **Issuance of summons is requested at this time.**

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over the claims in this action as they arise pursuant to a claim under a Standard Flood Insurance Policy (hereinafter referred to as "SFIP"). Any claims under a SFIP are governed solely by federal law pursuant to Article IX of the SFIP.[1] Therefore, Plaintiffs assert that there is federal question jurisdiction pursuant to *28 U.S.C. § 1331* as this matter requires interpretation of, and the resolution of the case is dependent upon, interpretation and application of federal laws, rules and regulations including the SFIP, itself codified and found at 44 C.F.R. Pt. 61, App. A (1), and the Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution.     Furthermore, jurisdiction exists pursuant to the grant of "original exclusive" jurisdiction found in *42 U.S.C. § 4072* as it involves a breach of contract claim under a SFIP.

6.     As more fully explained below, the action involves a contract to insure Plaintiffs' residential property located at 7010 Delesandri Drive, Hitchcock, Texas, 77563, against flood damage.     The contract for flood insurance was made in Hitchcock, Texas, was to be performed there, involves property located there, and

---

[1] *See* 44 C.F.R. Pt. 61, App. A(1), Art. IX.

all of the events or omissions giving rise to the claims asserted in this complaint arose there so that venue for this action lies in this court under Art. VII.R of 44 C.F.R. Pt. 61, App. A(1). The federal courts have exclusive jurisdiction over causes of action arising under the National Flood Insurance Program.[2] Consequently, Section VII, Subsection R of the SFIP issued by the Federal Emergency Management Association through its National Flood Insurance Program requires that venue be set in the United States District Court of the district in which the insured property was located at the time of loss.

## FACTS

7. FIDELITY issued Flood Insurance Policy no. 42-2510023609-04 (hereinafter referred to as the "Fidelity Policy") to Plaintiffs. The Fidelity Policy provided coverage for flood damage to Plaintiffs' residential property in Hitchcock, Texas and was effective for the period of July 30, 2008 to July 30, 2009. The Fidelity Policy provided one hundred seventeen thousand two hundred dollars [$117,200.00] in coverage for Plaintiffs' dwelling and sixty thousand dollars [$60,000.00] in contents coverage, a total policy limit of one hundred seventy-seven thousand two hundred dollars [$177,200.00] with a combined deductible of two thousand dollars [$2,000.00].

8. Plaintiffs timely paid the premium for the Fidelity Policy.

---

[2] *See* Art. VII.R of 44 C.F.R. Pt. 61, App. A(1).

9.   The Fidelity Policy insures residential property located at 7010 Delesandri Drive, Hitchcock, Texas, 77563.  Plaintiffs are the named insured on the Fidelity Policy.

10.   On September 13, 2008, while the Fidelity Policy was in full force and effect, Hurricane Ike caused flood damage to the insured property, which consists of a residential dwelling and its contents.

11.   As a result of the flooding during Hurricane Ike, the insured property, including the dwelling and contents owned by Plaintiffs, was damaged or destroyed.  The flood damage to the insured property is a covered loss under the Fidelity Policy.

12.   Plaintiffs reported the losses and damages to FIDELITY in a timely fashion and properly discharged the reporting obligations under the Fidelity Policy.

13.   On or about November 8, 2008, a proof of loss was completed by FIDELITY'S adjuster Kevin Miller.  Kevin Miller estimated the actual cash value of the dwelling damage to be sixty-four thousand four hundred eighty-seven dollars and forty-two cents [$64,487.42] and the recoverable depreciation on the dwelling to be six thousand four hundred eighty-six dollars and twenty-six cents [$6,486.26].  Miller estimated the actual cash value of the contents damage to be forty-eight thousand one hundred seventy-two dollars and thirty-two cents [$48,172.32].

14.     Between November 17, 2008 and December 18, 2008, FIDELITY, per Plaintiffs' request, advanced Plaintiffs ten thousand dollars [$10,000.00] against the payment for the contents flood loss.

15. On December 23, 2008, Plaintiffs submitted to FIDELITY a transmittal letter[3] and proof of loss[4] concerning the undisputed amounts of damages.

16.     On December 31, 2009, FIDELITY paid Plaintiffs sixty-four thousand four hundred eighty-seven dollars and forty-two cents [$64,487.42] for the undisputed dwelling flood loss. Also on this date, FIDELITY paid Plaintiffs five thousand eight hundred six dollars and fifty-eight cents [$5,806.58] for the recoverable depreciation on the dwelling and thirty-seven thousand one hundred seventy-two dollars and thirty-two cents [$37,172.32] for the undisputed contents flood loss.

17.     On June 1, 2009, Plaintiffs submitted to FIDELITY a revised proof of loss (Claim No. 08-0008677)[5] and a letter[6] demanding payment wherein Plaintiffs claimed a total loss of one hundred seventy-seven thousand two hundred dollars [$177,200.00].     Plaintiffs submitted additional documentation to support the demand for payment including a professional estimate of damages, an inventory of damaged contents, pictorial documentation of the damages and supporting documentation for the contents pricing.

---

[3] *See* Plaintiffs' Exhibit A, "Transmittal Letter" dated December 23, 2008.
[4] *See* Plaintiffs' Exhibit B, "Proof of Loss" dated December 18, 2008.
[5] *See* Plaintiffs' Exhibit C, "Proof of Loss" dated June 1, 2009.
[6] *See* Plaintiffs' Exhibit D, "Demand Letter" dated June 1, 2009.

18.    Since Plaintiffs initiated the claims process, Plaintiffs have provided FIDELITY access to the insured property, have provided all requested information to FIDELITY that is available, have submitted a revised proof of loss, and have otherwise properly discharged the obligation to cooperate with FIDELITY in its investigation and adjustment of the flood damages sustained by Plaintiffs.

19.    Plaintiffs and FIDELITY have agreed on the areas of the insured property that the flood from Hurricane Ike damaged.  However, Plaintiffs and FIDELITY have not agreed on the value of loss in each of the flood damaged areas.  As a result, on October 27, 2009, Plaintiffs demanded an appraisal pursuant to 44 C.F.R. Pt. 61 App. A(1) Art. VII. P of the SFIP.[7]

20.    On November 3, 2009, FIDELITY denied Plaintiffs' claim[8] and Plaintiffs' request for appraisal.[9]

21.    Representatives of Plaintiffs and FIDELITY have discussed the claim and attempted to reach a resolution.  To date, however, FIDELITY has refused to pay the full value of the losses incurred by Plaintiffs and FIDELITY has continued to refuse to proceed to appraisal on Plaintiffs' claim.

---

[7] *See* Plaintiffs' Exhibit E, "Demand for Appraisal Letter" dated October 27, 2009.

[8] *See* Plaintiffs' Exhibit F, "FIDELITY'S Denial of Claim Letter" dated November 3, 2009.

[9] *See* Plaintiffs' Exhibit G, "FIDELITY'S Denial of Appraisal Letter" dated November 3, 2009.

## COUNTS I & II – BREACH OF CONTRACT

22.    Plaintiffs reassert and incorporate by reference each of the allegations contained in the foregoing paragraphs.

23.    Plaintiffs and FIDELITY entered into a valid binding contract for flood insurance.   FIDELITY agreed to pay Plaintiffs up to one hundred seventeen thousand two hundred dollars [$117,200.00] for the dwelling on Plaintiffs' property and up to sixty thousand dollars [$60,000.00] for contents for damages caused by flooding.  Plaintiffs agreed to and did pay a premium in consideration for the Fidelity Policy.

24.    Plaintiffs have performed all conditions precedent under the Fidelity Policy, including submitting a signed and notarized revised proof of loss.[10]

25.    FIDELITY breached its contract with Plaintiffs when FIDELITY failed to properly adjust and pay Plaintiffs for the full amount of flood damage to the insured dwelling (replacement cost value) and contents. (Count I)  Additionally, FIDELITY breached its contract with Plaintiffs by failing to proceed to appraisal after Plaintiffs' timely demand of such.[11] (Count II)

26.    Plaintiffs' breach of contract claims are expressly authorized by *42 U.S.C. § 4053* and/or *42 U.S.C. § 4072*.

---

[10] *See* Plaintiffs' Exhibit C, "Proof of Loss" dated June 1, 2009.
[11] *See* Art. VII.P of 44 C.F.R. Pt. 61, App. A(1)

27.    Plaintiffs are entitled to damages which will compensate for the flood losses at replacement cost value, as provided for by the Fidelity Policy, and for all incidental and consequential damages which Plaintiffs have suffered.

## PETITION TO COMPEL APPRAISAL

28.    Plaintiffs reassert and incorporate by reference each of the allegations contained in the foregoing paragraphs.

29.    On October 27, 2009, Plaintiffs sent FIDELITY a demand for appraisal pursuant to the SFIP provisions at Art. VII.P of 44 C.F.R. Pt. 61, App. A(1).[12]

30.    FIDELITY denied Plaintiffs' demand for appraisal.    FIDELITY and Plaintiffs are in agreement as to the scope of the damages and the coverage provided by the Fidelity Policy, but in dispute as to the replacement cost value of the damages to the dwelling, plus the actual cash value of the damages to the contents.  Plaintiffs vigorously maintain the value of flood damage suffered by the dwelling and its contents is more extensive than FIDELITY's estimates reflect. Thus, appraisal is the appropriate method to settle the dispute since the dispute concerns the valuation of damages and not the scope of damages or scope of coverage provided by the Fidelity Policy.

31.    FIDELITY has refused to pay any additional amount for damages, engage in the appraisal process, and/or otherwise comply with the SFIP's provision for appraisal. Consequently, Plaintiffs request this Court's assistance in compelling FIDELITY to comply with the SFIP's appraisal provision.  Additionally, Plaintiffs have been required to retain counsel to compel FIDELITY to proceed with appraisal and should therefore be compensated for the attorneys fees incurred as a result of compelling appraisal.

---

[12] *See* Plaintiffs' Exhibit D, "Demand for Appraisal Letter" dated October 27, 2009.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon judgment hereof, Plaintiffs have and recover against Defendant, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, sums for breach of contract, as Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of the claim. In addition, Plaintiffs request this Court compel Defendant, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, to immediately proceed to appraisal as described above. Plaintiffs further request the award of reasonable attorney's fees as allowed by law, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law and for any other and further relief, either at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Dated: March 1, 2010

Respectfully submitted,

**By** /s/ *Cliff Wilkerson*

Cliff Wilkerson

2313 Strand

Galveston, Texas 77550

(409) 497-4574 Telephone

(713) 583-6307 Facsimile

E-mail: cliff@simplyjustice.com

Louisiana Bar Roll no. 30977

10

COUNSEL FOR PLAINTIFFS

BILL AND GINGER UNDERWOOD

## CERTIFICATE OF SERVICE OF PROCESS

Plaintiffs certify service of process of the instant complaint and summons has been made by U.S. certified mail, return receipt to the following agent for service of process upon Fidelity National Property and Casualty Insurance Company:

C T Corporation System

350 North St. Paul Street

Dallas, Texas 75201

AGENT FOR SERVICE OF PROCESS UPON FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY

/s/ *Cliff Wilkerson*

Cliff Wilkerson

Attorney for the Plaintiff

11